917 A.2d 238

IN THE MATTER OF MORTON STRUHL, AN ATTORNEY
AT LAW (ATTORNEY NO. 003021976).

March 8, 2007.

# ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 06–270, recommending that **MORTON STRUHL** of **PALM SPRINGS, CALIFORNIA**, who was admitted to the bar of this State in 1976, and who has been temporarily suspended from the practice of law since August 11, 2005, be disbarred as a matter of final discipline pursuant to *Rule* 1:20–14, based on respondent's conviction in the State of California for solicitation, acceptance or referral of fraudulent insurance claims, in violation of California Penal Code § 549, and willfully making or signing false tax returns, in violation of California Revenue and Tax Code § 197005(a)(1);

And said conduct being in violation of *RPC* 8.4(b)(criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer), *RPC* 8.4(c)(conduct involving dishonesty, fraud, deceit or misrepresentation) and *RPC* 8.4(d)(conduct prejudicial to the administration of justice);

And **MORTON STRUHL** having failed to appear on the return date of the Order to Show Cause in this matter;

And good cause appearing;

It is ORDERED that **MORTON STRUHL** be disbarred, effective immediately, and that his name be stricken from the roll of attorneys; and it is further

ORDERED that **MORTON STRUHL** be and hereby is permanently restrained and enjoined from practicing law; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with disbarred attorneys; and it is further

ORDERED that all funds, if any, currently existing in any New Jersey financial institution maintained by MORTON STRUHL pursuant to *Rule* 1:21–6 be restrained from disbursement except on application to this Court, for good cause shown, and shall be transferred by the financial institution to the Clerk of the Superior Court, who is directed to deposit the funds in the Superior Court Trust Fund pending the further Order of this Court; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.